UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-04262-DFM | Date: | August 3, 2026 |
|---|---|---|---|
| Title | Changxi Wang v. Markwayne Mullin et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Petitioner(s): | | Attorney(s) for Respondent(s): |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Denying Ex Parte Application for Temporary Restraining Order (Dkt. 9) |
|---|---|

On July 29, 2026, Petitioner Changxi Wang filed a Petition for Writ of Habeas Corpus. See Dkt. 1. The next day, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO Application"). See Dkt. 9. The TRO Application seeks various forms of relief, including release. See id. at 6-7.

Central District of California General Order No. 26-05 sets an accelerated briefing schedule and process for petitions under § 2241 seeking the type of immigration-related relief sought here. See Dkt. 5. Under that General Order, Respondents' answer to the Petition is due by August 5, 2026. Applications for TROs "should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." Id.

Petitioner asserts that his continued detention "unauthorized by statute, together with inference with Petitioner's access to counsel" constitutes irreparable injury. See TRO Application at 4. The Court recognizes that the Ninth Circuit has held that the deprivation of constitutional rights can constitute irreparable injury. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017). However, asserting a constitutional claim does not automatically entitle a petitioner to immediate relief circumventing the adversarial process. If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. It is the Court's view that a generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Accordingly, Petitioner's TRO Application is **DENIED**. Proceedings on the merits of the underlying Petition will continue in the normal course as set forth by General Order 05-07.