UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04262-DFM | Date: | August 17, 2026 |
| Title | Changxi Wang v. Markwayne Mullin et al. | | |

| | |
|---|---|
| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |
| **Proceedings:** | **(IN CHAMBERS) ORDER REQUIRING SUPPLEMENTATION OF THE RECORD AND SETTING FURTHER BRIEFING** |

Petitioner Changxi Wang, a native and citizen of China detained at the Adelanto ICE Processing Center filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the lawfulness of his detention. See Dkt. 1 ("Petition"). Respondents filed an answer, Dkt. 12 ("Answer"), supported by the declaration of Deportation Officer Evelyn Lajuj, Dkt. 12-1 ("Lajuj Decl."), and a copy of a March 31, 2011 removal order, Dkt. 12-2 ("Removal Order"). Having reviewed the Petition, the Answer, and the supporting materials, the Court concludes that it cannot resolve the Petition on the present record. For the reasons set forth below, the Court **ORDERS** the parties to supplement the record and to submit further briefing on the schedule stated in this Order.

The Answer rests Petitioner's detention on 8 U.S.C. § 1231(a)(6). See Answer at 3-5. That provision permits detention beyond the ninety-day removal period only for a noncitizen who is inadmissible under 8 U.S.C. § 1182, removable under 8 U.S.C. § 1227(a)(1)(C), (a)(2), or (a)(4), or who "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6). Petitioner alleges that his sole charge of removability—overstay under § 1227(a)(1)(B)—is not among the enumerated categories, and that Respondents have disclosed no individualized determination that Petitioner is a danger to the community or unlikely to comply with the removal order. See Petition at 5, 8-9. The present record contains no custody determination, custody-review decision, or comparable agency document identifying the statutory basis for Petitioner's detention. Respondents' briefing addresses instead the six-month framework of Zadvydas v. Davis, 533 U.S. 678, 689-90, 701 (2001) but Petitioner does not press a claim that his removal is not reasonably foreseeable, see Petition at 6, and that framework does not itself identify which of § 1231(a)(6)'s predicates Respondents contend applies here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Separately, the Lajuj Declaration's statement that Petitioner "refused to cooperate" in two travel interviews, Lajuj Decl. ¶ 11, implicates 8 U.S.C. § 1231(a)(1)(C), under which the removal period "shall be extended" and the noncitizen "may remain in detention during such extended period" if he "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal." The Ninth Circuit has held that continued detention is authorized under that provision where the detainee's own refusal to cooperate prevents his removal. See Pelich v. INS, 329 F.3d 1057, 1059-61 (9th Cir. 2003); Lema v. INS, 341 F.3d 853, 856-57 (9th Cir. 2003). Neither party has briefed § 1231(a)(1)(C), and the record does not describe what was asked of Petitioner at the July 27 and July 30 interviews, what he declined to do, or why. Those encounters are relevant to Petition's third claim, which alleges that officers sought his signature on paperwork he did not understand. The Court cannot evaluate that argument without the underlying documents.

For the foregoing reasons, IT IS ORDERED that:

1. Within seven (7) days of the date of this Order, Respondents shall lodge with the Court: (a) every document identifying the claimed statutory authority for Petitioner's July 22, 2026 arrest and current detention, including any Form I-286, warrant, custody determination, post-order custody review, or determination that Petitioner presents a risk to the community or is unlikely to comply with the order of removal; (b) any determination or record invoking 8 U.S.C. § 1231(a)(1)(C) or finding that Petitioner failed or refused to make a timely good-faith application for travel documents or otherwise acted to prevent his removal; (c) the complete records of the July 27 and July 30, 2026 travel interviews, including any forms or documents presented to Petitioner, interview notes, instructions given, interpreter information, any request by Petitioner for counsel, and the factual basis for the statement that Petitioner "refused to cooperate"; (d) the current status of the July 30, 2026 travel-document request to the Embassy of the People's Republic of China, including any response received; and (e) all custody-review notices, submissions, decisions, or scheduled reviews concerning Petitioner under 8 C.F.R. § 241.4.

2. Within seven (7) days of the date of this Order, Petitioner shall lodge: (a) the written request for release or custody review that the Petition states counsel was submitting to the ERO Field Office, see Petition at 7-8, and any response received; and (b) any document in Petitioner's possession that he contends ICE has asked him to sign.

3. Within seven (7) days after the lodging deadline, each party may file a supplemental brief, not to exceed ten (10) pages, addressing (a) the statutory basis for Petitioner's current detention under 8 U.S.C. § 1231(a)(6), and (b) whether 8 U.S.C. § 1231(a)(1)(C) extends the removal period and authorizes Petitioner's detention on the supplemented record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

4. The Petition remains under submission. No hearing is set at this time.